# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**SHANE LEE MITCHELL**  **PLAINTIFF**
**ADC #121150**

**V.**  **NO. 4:25-cv-01312-JM-ERE**

**KIM SMITH,** *et al.*  **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.  Procedure for Filing Objections

This Recommended Disposition ("RD") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this RD. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this RD. If you do not object, you risk waiving the right to appeal questions of fact.

### II.  Background

*Pro se* plaintiff Shane Lee Mitchell, an Arkansas Division of Correction ("ADC") inmate, filed this 42 U.S.C. § 1983 case. *Doc. 2*. Mr. Mitchell's complaint alleges that Mailroom Officers Kim Smith, Holly Lee, and unidentified ADC mailroom officials confiscated his legal mail in violation of his right to access the courts under the First Amendment, Fifth Amendment, and Fourteenth Amendment.

For the following reasons, I recommend that Mr. Mitchell's complaint be dismissed, without prejudice, for failure to state a plausible constitutional claim for relief.

## III. Screening

### A. Complaint Allegations

Mr. Mitchell's complaint alleges that Defendants Smith and Lee, and other unidentified mailroom officers, confiscated his legal mail in September 2025. Mr. Mitchell explains that he did not receive copies of seven docket entries filed in another lawsuit previously pending in this Court, *Mitchell v. Bland*, No. 4:25-cv-960-KGB (E.D. Ark.) ("*Mitchell I*"). Those documents included Defendant Bland's motion for summary judgment raising the issue of exhaustion, supporting brief, and statement of undisputed facts. See *Mitchell I*, *Docs. 5, 6, 7*. As a result, Mr. Mitchell contends he was unable to timely respond to the motion, and the Court dismissed his claims.

### B. Standard

Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or

(c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

To state a claim that can survive screening, Mr. Mitchell must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### C.    Access to Courts Claim[1]

To proceed with an access to courts claim, Mr. Mitchell must allege that he suffered an actual injury, which is defined as "the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols,* 511 F.3d 826, 831 (8th Cir. 2008). The "injury requirement is not satisfied by just any type of frustrated claim," and instead must involve a challenge to the prisoner's sentence or

---

[1] The constitutional source for the right of access to the court is "unsettled." *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002) (noting that courts have grounded the right in the Privileges and Immunities Clause of Article IV, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses).

his conditions of confinement. *Lewis v. Casey,* 518 U.S. 343, 354-55 (1996). In addition, Mr. Mitchell must allege that he suffered "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id. at 355*; see also *Klinger v. Dept. of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997).

Here, Mr. Mitchell alleges that his previous lawsuit was dismissed because he did not receive a copy of Defendant's motion for summary judgment, and therefore, was unable to timely respond to that motion. A review of the *Mitchell I* docket sheet shows otherwise. First, the docket sheet for *Mitchell I* does not indicate that any mail sent to Mr. Mitchell's mail from the Court was returned as undeliverable, including the Court's Order[2] providing him an opportunity to file a response to Defendant Bland's summary judgment motion and thereby giving him notice of the pending motion. In addition, the docket shows that Mr. Mitchell filed multiple filings after United States Magistrate Judge Patricia Harris entered her Recommendation[3] recommending that summary judgment be granted and the claims be dismissed for failure to exhaust administrative remedies. Mr. Mitchell's filings included: (1) objections to the Recommendation granting summary judgment for failure to exhaust; (2) a motion for leave to proceed in forma pauperis; (3) a motion to amend

---

[2] *Mitchell I*, Doc. 9.
[3] *Mitchell I*, Doc. 17.

his complaint; (4) a motion for permanent injunction and to appoint counsel; (5) an addendum to his motion for permanent injunction and motion to appoint counsel; and (6) a motion for evidence. See *Mitchell I*, Docs. 18, 20, 21, 22, 23, 24. These filings show that Mr. Mitchell had ample access to the Court and the ability to petition for various forms of relief.

Most importantly, on January 5, 2025, United States District Chief Judge Kristine G. Baker adopted Judge Harris' Recommendation, specifically noting that Mr. Mitchell's written objections conceded that he failed to fully exhaust his administrative remedies before filing that case. *Mitchell I*, Doc. 25 at 3. Mr. Mitchell's concession required the dismissal of the claims in *Mitchell I*.

The Court takes judicial notice of the *Mitchell I* docket. Mr. Mitchell's admissions in *Mitchell I* and Chief Judge Baker's findings make it impossible for Mr. Mitchell to plausibly allege that a non-frivolous or arguably meritorious lawsuit was impeded by any Defendant's conduct. As a result, Mr. Mitchell cannot state a plausible access to courts claim against any Defendant.[4]

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Mitchell's complaint be DISMISSED, without prejudice.

---

[4] In addition, as noted, the Court dismissed Mr. Mitchell's claims raised in *Mitchell I* today, nearly two weeks after he filed this lawsuit. As a result, at the time Mr. Mitchell filed this lawsuit, any alleged access to the courts claim was premature and could be dismissed for that reason.

2. The Clerk be instructed to close this case.

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

Dated 6 January 2026.

_____
UNITED STATES MAGISTRATE JUDGE